## THE PROTECTOR.

### BRICKLEY, Adm'r, etc. *v.* CITY OF BOSTON.

*(Circuit Court, D. Massachusetts. April 29, 1884.)*

1. ADMIRALTY—LIBEL IN REM—POLICE BOAT EXEMPT.

A police boat owned and used by a city for public purposes cannot be subjected to a libel *in rem* without the consent of the city.

2. SAME—REIMBURSEMENT OF EXPENSES NOT PROFITS.

The indirect profit which the city may derive from the use of the vessel by reason of the law requiring masters of vessels to pay the expense of their removal when ordered by the harbor-master does not render it subject to attachment as a piece of property earning money for the city.

In Admiralty.

*Paul West* and *John W. Low,* for libelant.

*T. M. Babson,* Asst. City Sol., for claimant.

LOWELL, J. The libel propounds that Thomas Brickley, the plaintiff's intestate, late of Boston, was, on Tuesday, July 4, 1882, in good health, and was standing on a float stage engaged in painting the outside of the brigantine Rapid, then lying in the dock on the south side of Long wharf, in the harbor of Boston, when the steamer Protector, lying higher up the dock, began to move under steam in order to leave the dock, and was so negligently navigated that she was backed upon the float stage, which was submerged, and Brickley was precipitated into the water and suffered severe bodily injury, from which he died on the third of August, 1882. The city of Boston, owners of the steamer, appeared as claimants, and gave a stipulation to the action, and afterwards filed an answer in the nature of a plea to the jurisdiction, averring that the Protector is now, and was at the time of the injury to the libelant's intestate, "a public vessel engaged in exercising a function of government, viz., the preservation of the public peace, the enforcement of the laws, and other similar powers and duties, and was in the control, under the custody of, and entirely managed by, police officers appointed under the laws of the commonwealth of Massachusetts, and servants and agents of said commonwealth." An answer to the merits was afterwards filed, upon which the case was tried and decided against the libelant; but on this appeal it has not been argued or suggested that there was a waiver of the exception to the jurisdiction; and Judge NELSON recollects that there was not. The point of this exception is that, by admiralty rule 15 of the supreme court, the libelant may proceed against the ship alone, or against ship and master, or against the owner alone, but not against the ship and the owner together; and therefore, to sustain this suit, which is against the ship, the libelant cannot aver that the owner is a party defendant, but must show a right to arrest the ship in order to give the court jurisdiction of the thing; though, as it has jurisdiction of the subject-matter, this point might be waived.

The Protector was employed by the city of Boston, solely for public purposes, as a police boat, for patrolling the harbor and other similar duties, and it might be a serious and irreparable damage to the public service if it were liable to seizure for the debts of the city, whether the form of claim imports a lien or privilege, or is an ordinary attachment. Judge DILLON, in his work on Municipal Corporations, § 446, says that, on principle, the private property of such a corporation ought to be liable to seizure; but not property owned and used for public purposes, such as (among other things) fire-engines. And so all the judges agreed in *Meriwether* v. *Garrett,* 102 U. S. 472. See *Foster* v. *Fowler,* 60 Pa. St. 27, and cases cited; *Davenport* v. *Peoria Ins. Co.* 17 Iowa, 276. A police boat seems very like a fire-engine, as a piece of property dedicated to public uses, which may need its services at any time. A witness testified that this vessel was the harbor-master's boat, as well as the police boat. I do not see that this changes the situation. By the statutes of Massachusetts, the harbor-master has important public duties to perform, some of which may require him to make use at times of the police boat. Pub. St. c. 69, §§ 29 and 30, are cited to show that the city may make a profit, indirectly, by the use of this boat. These sections require the masters and owners of vessels to pay the expense of their removal from one part of the harbor to another, when ordered by the harbor-master, and if they neglect to pay, the expense may be recovered for the use of the city. A reimbursement of expenses is not profit, and if the Protector should be used by the harbor-master to notify an owner to remove his vessel, or even used to tow it, the steamer would not thereby become a piece of property earning money for the city, like a shop which they had let to hire. I am constrained to decide, therefore, that an action *in rem* against this vessel cannot be enforced without the consent of the city.

Libel dismissed, without costs.