Frank DiMarco, by Angelo DiMarco, Guardian Ad Litem, Claimant, v. The State of New York.

## Claim No. 16168.

Matteo Lavenia, Claimant, v. The State of New York.

## Claim No. 16169.

Frances DiMarco, by Michael DiMarco, Guardian Ad Litem, Claimant, v. The State of New York.

## Claim No. 16170.

(State of New York, Court of Claims, February, 1920.)

**Claims — against the state — when state not liable for negligent acts of its officers and agents.**

The state is not liable for the negligent acts of its officers and agents resulting in personal injuries, except where it has expressly waived immunity or assumed liability by constitutional or legislative enactment.

Where in a public park a sham battle was engaged in by members of the state militia who were instructed to use blank cartridges but through the carelessness of some militiaman, a cartridge with a steel jacket and bullet was fired from one of the rifles and injured a spectator, a motion to dismiss the claim for damages must be granted on the ground that the state is not liable.

Motion to dismiss claims.

Louis Silberman, for claimants.

Charles D. Newton, attorney-general (Carey D. Davie, deputy attorney-general), for State.

Morschauser, J. This is a motion made to dismiss the claims filed in the above-entitled matters upon the grounds, among others specifically set forth in the motion, that the claim does not set forth facts sufficient to constitute a cause of action in favor of the claimant and against the state of New York.

Each of the claims in the above-entitled matters arose out of the following fact. On the 21st day of April, 1919, in the afternoon, in Lincoln park, near Swan street, in the city of Albany, N. Y., there was a sham battle which was engaged in and by soldiers, members of the militia of the state of New York, commanded by one Colonel Charles E. Walsh, and also by members of the militia of the old Tenth Battalion, consisting of four Albany companies under the command of Lieutenants Norris and Schimpf. The infantry were using United States Army Springfield rifles and were also using machine guns and were attacking two whippet tanks. The soldiers using the rifles were instructed to use blank cartridges but through carelessness and negligence of some member of the militia or some soldier a cartridge with a steel-jacketed bullet was fired from one of the rifles and the bullet struck one Frank DiMarco, a spectator, in the head and passed through his skull and also injured Frances DiMarco and Matteo Lavenia.

A motion to dismiss the claims is made by the state upon the ground that the claims so filed do not state sufficient facts to constitute a cause of action, that the state is not liable and that no liability exists against the state unless it shall have waived immunity and assumed liability by legislative enactment.

It is a well-settled principle of law that the state in consequence of its sovereignty is immune from prosecution in the courts and from liability to respond in damages for negligence except in those cases where it has expressly waived immunity or assumed liability by constitutional or legislative enactment (*Locke* v. *State of New York,* 140 N. Y. 480; *Sipple* v. *State of New York,* 99 id. 284; *Murdock Parlor Grate Co.* v. *Commonwealth,* 152 Mass. 28; *Bourn* v. *Hart,* 93 Cal. 321; *Lewis* v. *State of New York,* 96 N. Y. 71); and the question was thoroughly discussed and settled in the recent case in the Court of Appeals in this state in *Smith* v. *State of New York,* 227 N. Y. 405. In the case of *Smith* v. *State of New York,* the rule that a state is not liable unless it waives immunity or assumes liability for the negligence of its officers or agents was fully discussed and it was there held that section 264 of the Code, conferring jurisdiction upon the Court of Claims, did not assume such liability, and further held in that case that this section was not enacted for the purpose of extending or enlarging the liability of the state but solely for the purpose of declaring the jurisdiction of the Court of Claims before which questions of liability might be tried; and it was also held that under this section, while the state waived its immunity from actions, it did not waive its immunity from liability and it did not thereby concede its liability or create a cause of action which did not theretofore exist, and that this section merely gave a remedy to enforce a liability and submitted itself to the jurisdiction of the court, subject, however, to its right to interpose any lawful defense. And it was there held that immunity from an action is one thing; immunity from liability for the torts of its officers and agents is another. Therefore, under the authorities the motion to dismiss the claims should be granted.

The claimants received severe injuries by reason of the careless acts of officers and agents of the state, and the natural sense of justice would require that they be compensated for such injury and damage, yet courts can only interpret and declare the law as it is. It is for the legislature and not the courts to grant relief to the claimants.

The motion to dismiss each of the claims is granted.

ACKERSON, P. J., concurs.

Motion granted.