MARTHA DIETRICH, an Infant, by GEORGE B. DIETRICH, her Guardian ad Litem, Plaintiff, *v.* PALISADES INTERSTATE PARK COMMISSION, Defendant.

(Supreme Court, New York Special Term, February, 1921.)

Negligence — action for personal injuries — statutes — carriers — corporations — pleading — tort.

> An action against a common carrier to recover damages for personal injuries to a passenger is an action *ex delicto* and not *ex contractu.*

> Where the complaint alleges that while plaintiff was a passenger on defendant's steamer, and without fault on his part, a door was closed on his hand by reason of the negligence of defendant, its agents, servants and employees, to his personal injury, for which he demanded judgment in a certain sum, the action is in tort.

> An allegation that defendant, the "Palisades Interstate Park Commission," is a domestic corporation is subject to the modification that the court must take judicial notice of and review the statutes relating to defendant, its organization and purposes, precisely the same as if said statutes had been incorporated in the complaint.

The fact that defendant by the statute creating it (Laws of 1900, chap. 170, and amendatory acts) was given express power to sue and be sued, does not subject it to liability to an individual for negligence in the performance of a public duty, and the complaint on demurrer will be dismissed, with leave to plaintiff to plead over on presentation of an affidavit showing facts that will enable him to overcome the defects in his pleading.

Demurrer to complaint.

Arthur J. Levine, for plaintiff.

Barry, Wainwright, Thacher & Symmers (Herbert Barry and Joseph A. Warren, of counsel), for defendant.

Lydon, J. This is a demurrer to a complaint brought on for trial as a contested motion. The defendant demurs to the complaint upon three grounds: (1) That it appears upon the face of the complaint that the court has not jurisdiction of the person of the defendant; (2) that the court has not jurisdiction of the subject of this action, and (3) that the complaint does not state facts sufficient to constitute a cause of action. The complaint alleges that the defendant is a domestic corporation; that it is the owner of the steamer *Clermont*; that it operated the said steamer as a common carrier of passengers for hire; that on a certain date while the plaintiff was a passenger for hire on the defendant's said steamer, and which said steamer was proceeding from Bear Mountain to New York city, a door of said steamer was closed on the plaintiff's hand, without any fault on the part of the plaintiff and by reason of the negligence of the defendant, its agents, servants and employees, and thereby the plaintiff was injured, and damages are prayed for in the sum of $5,000.

The complaint sets up only that the plaintiff was a passenger and was injured by the negligence of the defendant's agents. No breach of contract is alleged. I am, therefore, obliged to hold that the action is in *tort* notwithstanding the claim of the plaintiff that it is an action on contract. It is now well settled that an action against a common carrier for personal injury to a passenger by negligence, where no contract is specifically pleaded, is an action *ex delicto* and not *ex contractu,* although the complaint may allege that the plaintiff held a ticket for transportation. In the case of *Atlantic & Pacific R. R. Company* v. *Laird,* 164 U. S. 393, in an opinion written by Chief Justice White, it was stated "The doctrine is very clearly expressed in *Kelly* v. *Metropolitan Railway Company* (1895), 1 Q. B. 944, where the Court of Appeals held that an action brought by a railway passenger against a company for personal injuries caused by the negligence of the servants of the company, while he was traveling on their line, was an action founded upon tort."

Having thus determined that the action as alleged in the complaint is founded upon tort, I now approach the question, whether the plaintiff has the right to institute such an action against the defendant. The allegation that the defendant herein, the Palisades Interstate Park Commission, is a domestic corporation is subject to the modification that the court must take judicial notice of the statutes relating to the defendant, its organization and its purposes, and to review them precisely the same as if incorporated in the complaint. A consideration of these statutes shows that the members of the defendant commission are appointed by the governor (Laws of 1900, chap. 170, § 1) to acquire and maintain an interstate park for the enjoyment of the public, and to provide and main-

tain means of transportation to and from it in order to make it accessible to the public. Laws of 1900, chap. 170, § 2, as amd. by Laws of 1915, chap. 562 and Laws of 1920, chap. 283; Laws of 1900, chap. 170, § 4, as amd. by Laws of 1906, chap. 691, and Laws of 1910, chap. 361; Laws of 1900, chap. 170, § 5, as amd. by Laws of 1906, chap. 691, Laws of 1910, chap. 361, and Laws of 1917, chap. 168. The defendant is, therefore, conducting this interstate park and operating the steamer *Clermont* not for private gain but as a public enterprise under legislative authority to entertain the public; it is a state agency charged with a public duty. It performs no private functions; the commissoners are not even compensated. In the matter herein the defendant was acting within its statutory authority. It therefore clearly appears that the action is against the state. In the case of *Di Marco* v. *State of New York,* 110 Misc. Rep. 426, the court said: " It is a well settled principle of law that the state in consequence of its sovereignty is immune from prosecution in the courts and from liability to respond in damages for negligence except in those cases where it has expressly waived immunity or assumed liability by constitutional or legislative enactment."

Likewise in the case of *Sipple* v. *State of New York,* 99 N. Y. 285, 287, the court said: " It must be conceded that the State can be made liable for injuries arising from the negligence of its agents or servants, only by force of some positive statute assuming such liability." This doctrine was further securely established in the case of *Locke* v. *State of New York,* 140 N. Y. 480, 481, when the following language was used by the court: " The sovereign cannot be impleaded nor made liable in damages for any cause whatever in the courts of justice, save in such cases as it has itself consented to be made liable."

Upon the aforementioned authorities, the defendant herein, in the absence of clearly expressed statutory consent to liability, is not liable. No such consent is shown by the plaintiff, nor do I find any in the statutes. I do find, however, that the Palisades Interstate Park Commission created by the Laws of 1900, chapter 170 (amd. by Laws of 1914, chap. 15; Laws of 1915, chap. 562, and Laws of 1920, chap. 283) has been given express power to sue and be sued, but I do not believe that this power subjects it to liability to an individual for negligence in the performance of a public duty, *Stephens* v. *Commissioners of Palisades Interstate Park,* 108 Atl. Repr. 645; *Freeholders* v. *Strader,* 18 N. J. Law, 108.

I conclude, therefore, that the defendant is not liable in this action. The demurrer to the complaint is sustained, with ten dollars costs, upon all of the grounds advanced by the defendant, and complaint dismissed, with costs, with leave to the plaintiff, however, to plead over within ten days after the service of a copy of the order to be entered hereon, with notice of entry thereof, upon payment of said motion costs, provided the plaintiff presents, upon settlement of the order, an affidavit showing facts which will enable him to overcome the defects in the pleading.

Ordered accordingly.