## THE ONTEORA.

## THE CLERMONT.

(District Court, S. D. New York. November 2, 1923.)

1. **States ⬤⇒112—Palisades Park Commission not liable for tort.**

   Commissioners of Palisades Interstate Park are a state agency, and as such exempt from liability as tort-feasor, notwithstanding they are a corporation created by Laws N. Y. 1900, c. 170, and 3 Comp. St. N. J. 1910, p. 3890, and subject to suit, and the fact that the suit is in admiralty makes no difference.

2. **Admiralty ⬤⇒43—Vessels claimed by Palisades Park Commission not subject to arrest.**

   In a libel in rem, vessels claimed by Commissioners of Palisades Interstate Park, a state agency, are not subject to arrest, regardless of claimants' liability in personam.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Admiralty. Libel in rem by the Central Railroad Company of New Jersey against the steamers Onteora and Clermont, in which Commissioners of Palisades Interstate Park claimed the steamers. On claimants' motion, appearing specially, for an order denying process on and dismissing the libel for lack of jurisdiction. Motion granted, and libel dismissed.

John C. Prizer, of New York City, for the motion.
Richard F. Lenahan, of New York City, opposed.

LEARNED HAND, District Judge. The libelants filed a libel in rem against the steamers Clermont and Onteora, alleging swell damage to their lighter. The claimants, the commissioners of Palisades Interstate Park, are a corporation aggregate created by the laws of New York (chapter 170, Laws of 1900) and of New Jersey (Compiled Stat. p. 3890), as a "body politic, with power to sue and be sued." They are vested with title to certain lands along the Hudson river, to be held and preserved as a public park. They are authorized to provide means for the access to, and accommodation within, the park of the public, and may appoint patrolmen, with the power of constables, to keep order. They may take land by eminent domain, and make regulations for its government and for its use by the people at large. Among the means furnished by the claimants for access to the park were the two steamers, which did the damage in question. The only question is whether these may be arrested by the process of this court for a tort committed upon the territorial waters of the district.

[1] The case presents two quite separate questions: First, whether the claimants may be sued for a tort in any form; second, whether their property may be arrested. The first question is one of the laws of New York and New Jersey, and must, so far as I can learn from the books, be answered in the negative. The lower courts at least have held that the claimants, despite their corporate form, are a state agency, and as such exempt from liability as tort-feasors. Kirkman v. Commissioners, 200 App. Div. 870, 193 N. Y. Supp. 60; Dietrich v. Commissioners, 114 Misc. Rep. 425, 187 N. Y. Supp. 454. The New York Court of Appeals has never ruled directly on the point, although the New Jersey Court of Errors has. Stephens v. Commissioners, 93 N. J. Law, 500, 108 Atl. 645. But the Court of Appeals has in effect said that the claimants were a state agency (Ramapo Mountains Water Power & Service Co. v. Commissioners, 177 App. Div. 700, 164 N. Y. Supp. 430, affirmed without opinion in 227 N. Y. 809, 125 N. E. 924), and from this it seems to us to follow that the state itself is not liable (Smith v. State, 227 N. Y. 405, 125 N. E. 841, 13 A. L. R. 1264).

The libelant's argument is that the corporate form given to the claimants, together with their express subjection to suit, shows an intention to make them generally liable like a municipality, and that municipalities, except in their governmental functions, are liable as tort-feasors. Missano v. Mayor, 160 N. Y. 123, 54 N. E. 744; Gartland v. N. Y. Zoological Society, 135 App. Div. 103, 120 N. Y. Supp. 24. But the distinction in respect of municipalities has never been applied to a state, which can be made liable only when it has given an express consent.

Moreover, the claimants are not a municipality, as I have said, though a "body politic." Besides, the argument that consent to be sued carries by implication the recognition of a liability in tort was met and denied in Smith v. State, supra. I can see no valid distinction, whether the proposed defendant be the state itself or a state agency. Finally, the fact that this is a suit in the admiralty makes no difference. Ex parte State of N. Y., No. 1, 256 U. S. 490, 41 Sup. Ct. 588, 65 L. Ed. 1057. Therefore I think that the case fails, because there is no liabliity in personam, and hence no maritime lien arising from what would be a tort if committed by a private vessel.

[2] In addition, the vessels were not subject to arrest, regardless of the claimants' liability in personam. In Ex parte State of New York, No. 2, 256 U. S. 503, 41 Sup. Ct. 592, 65 L. Ed. 1063, it is true that the vessel was owned directly by the state; but the same rule was applied to a fire boat in The Fidelity, 16 Blatch. 569, Fed. Cas. No. 4,757, and The Seneca, Fed. Cas. No. 12,668, to a police boat in The Protector (C. C.) 20 Fed. 207, and to a boat to keep clear the harbor in The McCraken (D. C.) 145 Fed. 705. The same rule was affirmed obiter in the case of an ice boat, even though the municipality was held liable in personam. The Latrobe (D. C.) 28 Fed. 377. It is true that in all these cases the boats were employed upon governmental duties, stricti juris, and that there are kinds of municipal property which are subject to execution and so presumably to arrest. Kerr v. New Orleans, 126 Fed. 920 (C. C. A. 5) 61 C. C. A. 450. However, as I have said, the claimants are not a municipal corporation, but a state agency, and no such distinction exists in that case. Moreover the immunity extends, even in the case of municipalities, to property used for such purposes as these. Darlington v. N. Y., 31 N. Y. 164, 192, 193, 88 Am. Dec. 248; Bell v. N. Y., 105 N. Y. 139, 142, 11 N. E. 495.

The motion is granted, and the libel will be dismissed.