HARRY BIJUR et al., Copartners, under the Firm Name of BIJUR & HERTS, Respondents, *v.* AARON L. JACOBY, Appellant, Impleaded with Others.

290

(Argued October 24, 1932; decided November 22, 1932.)

*Reginald S. Hardy, Gardiner Conroy* and *Joseph A. Solovei* for appellant. The defendant-appellant properly released the prisoner at the expiration of six months' imprisonment. (*People ex rel. Post* v. *Grant,* 50 Hun, 243; *People ex rel. Dean* v. *Markell,* 72 Misc. Rep. 427; *Stewart* v. *Smith,* 186 App. Div. 755; *Matter of Reid,* 188 N. Y. Supp. 336.)

*Harry Bijur* for respondents. The maintenance of the action by the plaintiffs against the defendant-appellant for the recovery of the damages demanded is clearly prescribed by section 514 of the Correction Law. (*Matter of Leggat*, 162 N. Y. 437; *People ex rel. Asmus* v. *Melody*, 91 App. Div. 569; *Dunford* v. *Weaver*, 84 N. Y. 445.) The imprisonment of the offender was not limited to six months, nor was he entitled to be released at the expiration thereof. (Judiciary Law, §§ 753, 774; Surrogate's Court Act, §§ 79, 84; Civil Rights Law, § 72; *People ex rel. Lawyers' Surety Co.* v. *Anthony*, 7 App. Div. 132; 151 N. Y. 620; *Matter of Leggat*, 162 N. Y. 437; *People ex rel. Dean* v. *Markell*, 72 Misc. Rep. 427; *Stewart* v. *Smith*, 186 App. Div. 755; *Clark* v. *Bininger*, 75 N. Y. 344; *Matter of Strong*, 111 App. Div. 281; 186 N. Y. 584; *Forstman* v. *Schulting*, 108 N. Y. 112; *Newall* v. *Hall*, 74 App. Div. 278.) The warrant complied with the provisions of section 774 of the Judiciary Law in respect to specifying the act or duty to be performed and the duration of the imprisonment. (*People ex rel. Lawyers' Surety Co.* v. *Anthony*, 7 App. Div. 132; 151 N. Y. 620.)

KELLOGG, J. The plaintiffs, by the allegations of their complaint, have sought to state a cause of action against the defendant-appellant, the Sheriff of Kings county. A Sheriff who suffers a person, committed to jail for contempt of court, to go at large, " until he is discharged by due course of law," is liable to " the party aggrieved " for his damages sustained thereby. " If the commitment was for the non-payment of a sum of money, the amount thereof, with interest, is the measure of damages." (Correction Law [Cons. Laws, ch. 43], § 514.) Admittedly, the plaintiffs have stated a cause of action, and were entitled to the summary judgment accorded them, provided the defendant discharged the prisoner named in the complaint before the end of the term for which he was incarcerated.

Joseph S. Alberti was one of the executors of the estate

of his mother. In proceedings for a judicial settlement of the accounts of the executors, duly had before the Surrogate of Kings county, the Surrogate determined that the executors had received divers sums of money, and directed that from the moneys so received they make payments to various persons, of sums of money, aggregating $16,979.10, which sum included the sum of $6,454.70 directed to be paid to these plaintiffs. The executors defaulted in payment, and thereafter, upon due notice given, the Surrogate adjudged the executors, including the executor Joseph S. Aiberti, to be in contempt of court, and directed that a warrant should issue for the commitment of Joseph S. Alberti to the common jail of the county of Kings, there to remain until he had complied with the order and made the payments. A warrant was issued accordingly to the defendant, as Sheriff of Kings county, who made the arrest and commitment, as provided for, on November 7, 1930. On May 7, 1931, six months after the beginning of his imprisonment, Joseph S. Alberti was discharged from custody by the Sheriff, without having made the prescribed payments.

If an actual loss has been produced to a party to the proceedings by reason of the misconduct of a person adjudged guilty of contempt of court "a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party, under the direction of the court." (Judiciary Law [Cons. Laws, ch. 30], § 773.) The Surrogate definitely determined that Joseph S. Alberti was guilty of a contempt of court in not making the prescribed payments; that such misconduct did produce loss to the persons directed to be paid in the sum of $16,979.10, including a loss to these plaintiffs of $6,454.70; "that the said Joseph S. Alberti for said misconduct is hereby fined the sum of $16,979.10." In these respects the order was in strict compliance with the provisions of section 773. "Where the misconduct proved consists

of an omission to perform an act or duty, which is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine imposed * * *." (Judiciary Law, § 774.) The Surrogate complied strictly with these provisions, for he directed the issuance of a warrant to the Sheriff of Kings county directing him to commit Joseph S. Alberti to the common jail of Kings county " and to keep him therein under his close custody until he shall pay the said sum and fine of $16,979.10," the said sum " to be paid by the said Joseph S. Alberti to the Sheriff of Kings County for and on account of " the various persons to whom Alberti had originally been ordered to make payment, in the amounts named in such order. In making payment to the Sheriff of the sum specified Joseph S. Alberti would have performed the act or duty which he had omitted to perform, and which he had the power still to perform, since the moneys would have been received for the benefit of those whom he previously had failed to pay, and their claims would thereby be extinguished. He would at the same time have " paid the fine imposed," since that fine " under the direction of the court," was payable to the Sheriff for the benefit of " the aggrieved " parties. It is said, however, that the order and commitment did not comply with the provisions contained in the second sentence of section 774 of the Judiciary Law. That sentence, following the sentence referred to, which provides that if the misconduct is an omission to perform a duty which the offender may still perform, the imprisonment shall only be " until he has performed it," and paid the fine imposed, reads in this wise: " In such case, the order, and the warrant of commitment, if one is issued, must specify the act or duty to be performed, and the sum to be paid." Wherein the warrant fails to comply with these provisions we are unable to perceive. It specifies the duty which Alberti was required to perform and his failure to perform it.

That duty was to pay over $16,979.10 to the persons named in the original order, a failure to perform which constituted the contempt of court, on account of which Alberti was subjected to the fine imposed, and to the imprisonment which followed. In directing the Sheriff to hold Alberti until he had paid the amount named to the sheriff, on account of persons entitled thereto, the warrant sufficiently specified "the act or duty to be performed, and the sum to be paid." The Sheriff having discharged the prisoner before the payment had been made, was liable to the plaintiffs for $6,454.70, and interest, that being the amount of their damages accruing through the escape.

The judgment should be affirmed, with costs.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment affirmed.