ETHEL LONDON, Plaintiff, *v.* HERMAN M. HESSBERG, Individually and as Sheriff of the County of Kings, Defendant.

Supreme Court, Kings County, May 18, 1933.

*Morris Okoshken,* for the plaintiff.

*Conroy & Hardy* [*Reginald S. Hardy* of counsel], appearing specially for the executors, Arnold M. Schmidt and Title Guarantee and Trust Company.

JOHNSTON, J. Plaintiff moves for an order continuing this action against the executors of the defendant, the late Herman M. Hessberg, sheriff of Kings county. The facts giving rise to the action are as follows: Plaintiff herein instituted an action against Salvatore and Rosini Lentini to compel them to specifically perform an agreement for the sale of real property. She obtained a judgment directing them to execute and deliver a deed and a lease to her and to accept a deed tendered them by her. They failed to do so and a contempt order was made, fining them $250 each and directing their arrest and incarceration until they paid the fine and complied with the terms of the decree. The defendant — then sheriff — arrested and confined the Lentinis in the civil prison, but released them upon the payment of the fine by each before they had carried out the other provisions of the decree. Subsequently Rosini Lentini was apprehended and upon executing the instruments was released. Salvatore Lentini is still at large. Plaintiff then brought this action under section 514 of the Correction Law, which provides:

" Confinement of civil prisoner. A civil prisoner committed to jail upon process for contempt, or committed for misconduct in a case prescribed by law, must be actually confined and detained within the jail, until he is discharged by due course of law, or is removed to another jail or place of confinement, in a case prescribed by law. A sheriff or keeper of a jail, who suffers such a prisoner to go or be at large out of his jail; except by virtue of a writ of habeas corpus, or by the special direction of the court committing him, or in a case specially prescribed by law; is liable to the party aggrieved, for his damages sustained thereby, and is guilty of a midsemeanor. If the commitment was for the non-payment of a sum of money, the amount thereof, with interest, is the measure of damages."

It has been held recently that a sheriff who releases a prisoner before he is discharged by due process of law is liable to the person aggrieved for his damages. (*Bijur* v. *Jacoby,* 260 N. Y. 289.)

Defendant having died, plaintiff moves for an order continuing the action against his executors. The sole question is, does the cause of action survive. At common law tort actions died with the person by whom or through whom the wrong was done. The Revised Statutes (Part 3, chap. 8, tit. 3, §§ 1, 2) changed this rule

at common law. The provisions of the Revised Statutes are now embodied in section 120 of the Decedent Estate Law. The latter statute in substance provides that wrongs done to the property rights or interests of another, for which an action might be maintained against the wrongdoer, may be brought by the person injured or, after his death, by his executors or administrators in the same manner and with like effect as actions founded on contracts. But this statute does not extend to an action for personal injuries as defined in section 37-a of the General Construction Law, which defines a personal injury as including libel, slander, criminal conversation, seduction, malicious prosecution, assault, battery, false imprisonment or other actionable injury to the person either of the plaintiff, or of another.

It is the clear intent of the statute that where there is an injury to the property, rights or interest of another, the action survives even where the injury is caused by a tort, provided it is not one of the excepted torts, while actions for personal injuries, both contract and tort alike, abate. (*Bernstein* v. *Queens County Jockey Club*, 222 App. Div. 191, 193.) It is equally clear that the wrong alleged is a pecuniary injury to the property of plaintiff and did not abate upon defendant's death.

In *Benjamin's Executors* v. *Smith* (17 Wend. 208) it was held that a cause of action against a sheriff for a false return survived.

It is true that Mr. Crocker, in his book on the Duties of Sheriffs, states that personal actions against sheriffs do not survive, but he cites no case since the enactment of the Revised Statutes in support of his contention.

It is also urged that as the statute (Correction Law, § 514) makes a sheriff who violates it guilty of a misdemeanor, it is penal and, therefore, an action brought under it abates. But the statute fixes no penalty and the instant action is based upon the theory of affording compensation to plaintiff for damages sustained by reason of the act alleged. As was said by the former chief judge in *Cox* v. *Lykes Bros.* (237 N. Y. 376, 380): " We are to remember that the same provision may be penal as to the offender and remedial as to the sufferer."

It is also claimed that plaintiff is guilty of laches. There is, however, no proof that either the defendant or his executors have been injured by plaintiff's delay in placing the case on the calendar. Moreover, no motion was made to dismiss during the lifetime of the defendant.

The motion is granted.