In the Matter of the Application of JAMES A. MOYNIHAN for Admission to Practice as an Attorney and Counselor at Law. (From the State of New Hampshire and the Commonwealth of Massachusetts.) —Application granted. Present — Lansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

In the Matter of the Application of JOHN PERSHING for Admission to Practice as an Attorney and Counselor at Law. (From the State of Colorado.) —Application granted. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANGELO TSAGARIS, Appellant, v. SHERIFF OF THE COUNTY OF KINGS, Respondent.— Motion to have the appeal heard forthwith on the original papers granted. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ. [See post, p. 767.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANGELO TSAGARIS, Appellant, v. SHERIFF OF THE COUNTY OF KINGS, Respondent.— Order dismissing writ of habeas corpus and remanding the relator to the custody of the sheriff of Kings county reversed on the law, writ sustained, and relator discharged from custody. The relator was fined the sum of $7,000 for contempt of court for violation of a negative covenant contained in a bill of sale of a business. The commitment directed the imprisonment of the relator until he paid the said fine of $7,000 or until he was otherwise discharged by law. Neither the order finding him guilty of contempt nor the commitment required the relator to perform any act other than the payment of the fine. He failed to pay the fine. No specified term of imprisonment was named in the commitment. By section 774 of the Judiciary Law, as amended by Laws of 1919, chapter 184, the term of imprisonment under these circumstances is limited to six months. The relator should be discharged. Lazansky, P. J., Hagarty, Adel and Taylor, JJ., concur; Davis, J., dissents and votes to affirm in memorandum: The judgment restrained the defendant from acts in competition with plaintiff; and the cause was continued for the purpose of taking testimony to establish and compute the damages sustained by plaintiff. The order recites that the defendant willfully disobeyed and violated the judgment, and continued to operate the business in defiance of the injunction. The damages to plaintiff were fixed at $7,000. For his misconduct the defendant was fined that sum; in default of payment, defendant was committed to jail " for such disobedience and disregard of such judgment," until he should pay such fine. In making payment to the sheriff of the sum specified, he would have performed the act or duty which he had omitted to perform, and which he had the power to perform, and plaintiff's claim would have been extinguished. (Bijur v. Jacoby, 260 N. Y. 289, 293.) The defendant has defied the judgment of the court, which must maintain its dignity and authority.

MICHAEL V. CAMPBELL, Appellant, v. CURTIS H. MUNCIE, Respondent, and ADA HICKS MUNCIE, Defendant.— In view of the decision of the appeal herein (post, p. 770), decided herewith, the motion for a stay pending the hearing and determination thereof is dismissed. Present — Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ.

In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of BENJAMIN L. KAPLAN, an Attorney and Counselor at Law.— Matter referred to Hon. Norman S. Dike, official referee, to hear and to report with his opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.