JOSEPH W. BELDON and Another, etc., Plaintiffs, *v.* MORTGAGE COMMISSION OF THE STATE OF NEW YORK and Another, Defendants.

Supreme Court, Special Term, New York County, February 29, 1940.

*John Holley Clark, Jr.,* for the plaintiff.

*Edward F. Keenan,* for the Superintendent of Insurance of the State of New York.

PECORA, J. Motion by Mortgage Commission of the State of New York and its subsidiary, Mortgage Commission Service Corporation, for an order dismissing the complaint. The grounds upon which the motion is based are that the defendants are agencies or instrumentalities of the State of New York and as such are clothed with the immunity of the State as a sovereign. A reading of the complaint indicates that it is in the nature of an action for tort and not upon a contract. Where the State acts through an instrumentality, an action against such agency is deemed an action against the State. This principle has been applied in connection with actions against other " Commissions." (*Pauchogue Land Corp.* v. *Long Island State Park Comm.,* 243 N. Y. 15; *Kirkman* v. *Commissioners of Palisades Interstate Park,* 200 App. Div. 870; *Smith* v. *State of New York,* 227 N. Y. 405.) In *Matter of People (Westchester Title & Trust Co.)* (268 N. Y. 432, 443) the Court of Appeals said about the Mortgage Commission: " Though the Commission is created as ' a body corporate and politic ' its functions are solely those of a public agent or public body appointed to carry out a legitimate governmental purpose. * * * The moneys appropriated for its expenses are public moneys and remain public moneys until expended for such governmental purposes."

Since this action does not arise out of a contract but sounds in tort — being based upon alleged misfeasance and negligence in the performance of the duties of the Mortgage Commission — the fact that the statute creating the Commission endowed it with power " to sue or be sued " cannot give the court jurisdiction. (*Dietrich* v. *Palisades Interstate Park Comm.,* 114 Misc. 425. See, also, *Smith* v. *State of New York,* 227 N. Y. 405.) Since a tort claim against the State may not be brought in a court of general jurisdiction, the complaint must be dismissed. The position of the servicing corporation is the same as that of the Commission. It was wholly owned and controlled by the Commission, and merely a convenient vehicle through which the Commission could act. Furthermore, the action is now being prosecuted against two entities which no longer exist. By chapter 944 of the Laws of 1939 the existence of the Mortgage Commission was terminated as of September 30, 1939, and all of its property as well as that of its subsidiaries was transferred to the Superintendent of Insurance. Consequently the action must be maintained, if at all, against the successor, even though commenced before September 30, 1939. There should have been a substitution of parties.

The motion to dismiss is granted. Settle order.