DAVID J. BREEN and STEPHEN H. DURYEA, Individually, as Chairman and Treasurer, Respectively, of a Committee of Certificate Holders in a Bond of $1,400,000 and in a Mortgage Securing Same Covering Premises Known as LIDO CLUB HOTEL, and on Behalf of All Others Similarly Situated, Appellants, *v.* MORTGAGE COMMISSION OF THE STATE OF NEW YORK and MORTGAGE COMMISSION SERVICING CORPORATION, Respondents, Impleaded with THE MORTGAGE CORPORATION OF NEW YORK, Defendant.*

First Department, December 20, 1940.

* Revg. 173 Misc. 731.

*John Holley Clark, Jr.,* for the appellants.

*Lewis F. X. Cotignola* of counsel [*Jess H. Rosenberg* with him on the brief; *Edward F. Keenan* attorney], for Louis H. Pink, Superintendent of Insurance of the State of New York, as successor to Mortgage Commission of the State of New York.

TOWNLEY, J. Plaintiffs sue individually and in a representative capacity as chairman and treasurer, respectively, of the committee authorized to represent all certificate holders in a bond and mortgage of $1,400,000 placed and sold by the Title Guarantee and Trust Company on premises of the Lido Club Hotel in Long Beach. The complaint demands an accounting and charges the Mortgage Commission of the State of New York, a corporate body capable of " suing and being sued," with acts of nonfeasance and negligence in the management of the property which came under its control by operation of law when the New York State Legislature declared an economic emergency and set up the Mortgage Commission to deal with that emergency. This appeal concerns the legal status of that Commission as to its accountability for its acts.

The Court of Appeals in *Wolff* v. *Mortgage Commission* (270 N. Y. 428) described the legal status of the Mortgage Commission as follows:

" Assumption of control by the Mortgage Commission creates a relationship similar to or in fact that created under a statutory receivership. * * *

" The Mortgage Commission is a statutory trustee. Its authority is derived from the statute creating it and defining its powers."

The act setting up the Mortgage Commission provided that it could sue and be sued.▮ Having established a Commission of fiduciaries having the powers of liquidators or receivers, it follows that what the Commission undertakes to do as fiduciaries must be subject to an accounting in an appropriate suit brought by its *cestuis*.

Counsel for the Mortgage Commission seems to admit that the Mortgage Commission is subject to suit but urges that the complaint herein sounds in tort, that permission in the statute to sue a State agency (which the Mortgage Commission undoubtedly is) does not in itself create a tort liability in that agency and that the Mortgage Commission has not been made liable for its torts. (*Dietrich* v. *Palisades Interstate Park Comm.*, 114 Misc. 425; *The Onteora*, 298 Fed. 553; *Kirkman* v. *Commissioners of Palisades Interstate Park*, 200 App. Div. 870.)

The question before us then is whether an accounting action against admitted fiduciaries which specifies various acts of nonfeasance and misfeasance is to be deemed a tort action within the meaning of the decisions cited *supra* or is on the contrary an action in the nature of contract, *i. e.*, a claim arising out of the undertaking of the defendant Mortgage Commission to perform its functions with all the care that would be required of any personal fiduciary. It seems beyond dispute in view of the decisions in this State that fiduciaries in the position of liquidators are liable for their acts *ex contractu*, whether those acts take the form of negligent performance or of nonfeasance. (*Leal* v. *Westchester Trust Co.*, 279 N. Y. 25; *Lafayette Trust Co.* v. *Beggs*, 213 id. 280; *Klein* v. *N. Y. Title & Mortgage Co.*, 155 Misc. 513.) As was said by Mr. Justice FRANKFURTER in *Keifer & Keifer* v. *R. F. C.* (306 U. S. 381), this liability arises out of the undertaking. The court said in that case (p. 395): " But where the wrong really derives from an undertaking, to stand on the undertaking and to disregard the tort is not to invoke a fictive agreement. It merely recognizes a choice of procedural vindications open to the injured party." The criterion laid down by the Supreme Court of the United States, it should be noted, is that the wrong shall arise out of the undertaking and it does not depend upon whether the undertaking was one for profit or for any other legitimate State purpose.

The complaint alleges matters that would be treated as subjecting fiduciaries to an accounting as a matter of course in any case involving private fiduciaries. We find no intention in the Legislature to exempt the Mortgage Commission from accountability for its conduct of properties intrusted to its management. Indeed it is difficult to see how the *cestuis* could constitutionally have been deprived of their rights under the indenture, if the fiduciaries which were imposed upon them should be released from all duty to account.

The order and the judgment should be reversed, with costs, and the motion denied, with leave to said defendants to answer within ten days after service of order on payment of said costs.

MARTIN, P. J., and UNTERMYER, J., concur; GLENNON and COHN, JJ., dissent and vote to affirm.

Order and judgment reversed, with costs, and the motion denied, with leave to the defendants-respondents to answer within ten days after service of order on payment of said costs.