DAVID J. BREEN et al., Individually, and as Chairman and Treasurer, Respectively, of Committee of Certificate Holders, Claimants, *v.* STATE OF NEW YORK, Defendant.

(Claim No. 27216.)

Court of Claims, October 6, 1942.

*John Holley Clark, Jr.,* for claimants.

*John J. Bennett, Jr., Attorney-General (Gerald J. Carey, Assistant Attorney-General,* of counsel), for defendant.

BARRETT, P. J. This is a motion by the State to dismiss the claim upon the ground that it was not duly filed and that, therefore, this court does not have jurisdiction to hear and determine it.

For the solution of that question, it is necessary to set forth the facts alleged in the claim. The Title Guarantee & Trust Company sold participating certificates in a bond and mortgage in the sum of $1,500,000, dated July 25, 1928, and covering the Lido Club Hotel in Nassau county. Payment of the certificates was guaranteed by the Bond & Mortgage Guarantee Co. The bond and mortgage were payable $100,000 a year on July first of each year from 1929 to 1932 and the balance of $1,100,000 was payable on July 1, 1933. The sum of $100,000 was paid upon the principal on or about July 1, 1929, and the balance of principal has since been in the sum of $1,400,000. It is further alleged that pursuant to chapter 19 of the Laws of 1935, the Mortgage Commission "acquired or claimed to have acquired a certain right, title and interest in and responsibilities as agent with respect to said bond and mortgage. Shortly thereafter said Mortgage Commission of the State of New York formed as a subsidiary, Mortgage Commission Servicing Corporation and deputed to said corporation certain duties with respect to the bonds and mortgages affected by said Mortgage Commission Act."

Pursuant to chapter 944 of the Laws of 1939 and about September 30, 1939, the Mortgage Commission and the Mortgage Commission Servicing Corporation, were terminated, and their duties and responsibilities transferred to the superintendent of insurance. Claimants are chairman and treasurer, respectively, of a committee of certificate holders and authorized to act in their behalf. The claim further alleges that this claim is "for an accounting of the damages caused to claimants by reason of the breach of contractual duty as well as negligence, misfeasance and non-feasance in the performance of their duties as fiduciary for claimants on the part of Mortgage Commission of the State of New York and Mortgage Commission Servicing Corporation, a wholly owned subsidiary of said Mortgage Commission of the State of New York."

The details of the claim are then stated and it is alleged that the acts out of which the claim arose, occurred between May 1, 1935, and May 18, 1939, and that the latter date was the date of accrual of the claim, when the property was sold, after foreclosure resulting in an indicated deficiency of about $1,550,000 for which amount an award is asked. A claim against the State

arising out of the tort of an officer or employee, must be filed within ninety days after it accrued unless, in the meantime, a notice of intention has been filed. (Ct. Claims Act, § 10, subd. 3.) A claim for breach of contract must be filed within six months after its accrual unless in the meantime, a notice of intention has been filed. (Ct. Claims Act, § 10, subd. 4.) The claim was filed on June 11, 1942, and it having accrued on May 18, 1939, the claim must be dismissed, unless the time was extended by the provisions of section 23 of the Civil Practice Act, which provides as follows: "§ 23. Effect of reversal of judgment or termination of action. If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies, and the cause of action survives, his representative, may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination. This section also applies to the workmen's compensation law."

Claimants contend that they were entitled to such extension of time, based on the following facts, which are referred to in the claim. An action in the Supreme Court was commenced on or about September 15, 1939, by the service of a summons and complaint, which complaint alleged substantially the same cause of action as is contained in this claim. On motion of the State Mortgage Commission and the Mortgage Commission Servicing Corporation, the defendants therein, and both of which corporations appeared through the Superintendent of Insurance as their successor, Mr. Justice Pecora, sitting at Special Term, dismissed the complaint, holding that the Supreme Court had no jurisdiction of the action and that the defendants being agencies or instrumentalities of the State, the action against them is an action against the State and therefore, the Supreme Court did not have jurisdiction. He also held that the action was one in tort. (*Beldon* v. *Mortgage Comm. of State of New York,* 173 Misc. Rep. 731.) Upon appeal to the Appellate Division of the Supreme Court, First Department, this decision was reversed by a divided court. (*Breen* v. *Mortgage Comm. of State of New York,* 260 App. Div. 753.) The title of the action was different in the Appellate Division for the reason that there was a substitution for one plaintiff. The Appellate Division held that because the act which created the Commission pro-

vided that it could sue and be sued, it could be compelled to account as a fiduciary and that the action arose out of contract. The Court of Appeals reversed the Appellate Division and affirmed the Special Term (285 N. Y. 425), holding, that the Mortgage Commission was an agency of the State, that since its moneys belonged to the State, a judgment recovered in the action would be satisfied out of State funds and therefore, it would ·be a judgment against the State, that regardless of whether the action was in contract or in tort, the Supreme Court did not have jurisdiction as the State may be sued only in accordance with the Court of Claims Act. The final judgment, dismissing the complaint in that action was entered on June 13, 1941, and therefore, the claim being filed on June 11, 1942, was filed within a period of one year from the time' that the final judgment was entered, and claimants contend therefore, that the claim was duly filed, as permitted by said section 23 of the Civil Practice Act.

It is unnecessary to decide at this time whether section 23 of the Civil Practice Act is generally applicable to proceedings in the Court of Claims, for the reason that such application does not exist in this particular case, because the State was not a defendant in the action in the Supreme Court. Said section 23 of the Civil Practice Act, does not extend the time and has no application unless the parties in the two actions are the same. (*Streeter* v. *Graham & Norton Co.*, 263 N. Y. 39; *Shaw* v. *Cock*, 78 N. Y. 194; *Davis* v. *Norfolk Southern R. R. Co.*, 200 N. C. 345; *Murphy* v. *Board of Supervisors*, 205 Iowa, 256.)

The Court of Appeals in holding that any judgment recovered in the action above referred to, would be against the State, did not mean that the State was a party to the action. It was held merely that any such judgment would be satisfied out of the funds of the Mortgage Commission, which funds were State moneys and that such funds can only be recovered in an action against the State pursuant to the Court of Claims Act. In *Peck* v. *State* (137 N. Y. 372) it was held that the board of managers of a State institution, while representing the State in making contracts, did not represent it in any suit brought against the board, either for misfeasance or nonfeasance in the discharge of the duties devolved upon them by law. In the opinion in that case, on page 375, it was said: "A state cannot be sued in its own courts, except by its consent; and this rule is·founded upon public policy of great importance, and it would be greatly impaired, and could be largely nullified, if the state could be bound by judgments rendered against its agents or

officers. Such judgments may bind the officers and compel them to discharge their duties, and thus frequently they enable claimants to obtain payment of their claims against the state and other rights to which they are entitled by law. But the adjudication in such actions never estops the state on the principle of *res adjudicata*. And so it has been frequently held." Similarly, in *Breen* v. *Mortgage Comm. of State of New York*, (*supra*), the State was not a party. The commissions appeared by the attorney for the superintendent of insurance. The State must be represented by the Attorney-General. (Executive Law, § 62; Ct. Claims Act, § 11.) Since any judgment recovered in that action would not bind the State, neither its commencement nor any proceedings had therein, can have any effect upon the rights of the State. (*Peck* v. *State; Shaw* v. *Cock, supra.*)

The motion is granted and an order may be submitted accordingly.