EDWARD GIBBONS, as Administrator of the Estate of WILLIAM GIBBONS, Deceased, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, October 1, 1946.

*John J. Bennett, Corporation Counsel (John J. Lee* of counsel), for defendant.

*Irving C. Rosenkrantz* and *Adolph A. Zeigler* for plaintiff.

BOTEIN, J. Examination of the briefs submitted to the Court of Appeals reveals that defendant there contended that plaintiff was not entitled to the benefit of section 23 of the Civil Practice Act, because the amended complaint merely alleged that a prior suit on the same causes of action had been com-

menced on or about March 1, 1943, *without identifying the plaintiff in that suit.* Defendant maintained that, since section 23 of the Civil Practice Act is available only where the second action is brought by the same plaintiff, or his representative (*Streeter* v. *Graham & Norton Co.,* 263 N. Y. 39, 43–44), there was no basis in the amended complaint for a holding that the action was timely by virtue of the additional year within which to bring a new action, provided for in section 23. The memorandum which accompanied the modification by the Court of Appeals (295 N. Y. 982) of the judgment of the Appellate Division (269 App. Div. 969), by granting plaintiff leave to serve a further amended complaint, contained language tending to indicate that the affirmance was based upon the failure of the complaint to allege that the prior action had been brought by the same plaintiff: '' The complaint further alleged, in substance, that on March 1, 1943, suit was instituted against defendant (*it did not state by whom*) on the same cause of action as herein set forth.'' (Italics supplied.) The second amended complaint, served pursuant to the leave granted by the Court of Appeals, *does* allege that the prior suit was instituted '' *by this plaintiff.*'' Defendant argues, however, as it did in the Court of Appeals, that it clearly appears that the plaintiff in the prior action could not have been the same, because suit was commenced in March, 1943, whereas plaintiff was not appointed administrator until December 23, 1943. The complaint before the Court of Appeals alleged that plaintiff had not been appointed administrator until December 23, 1943, long after the commencement of the prior action in March, 1943. Had the Court of Appeals agreed with defendant's contention that the prior suit could not, therefore, have been instituted by the same plaintiff within the meaning of section 23 of the Civil Practice Act, it obviously would not have modified the judgment by granting leave to serve an amended complaint for the purpose of alleging what defendant claims to be the impossible, viz., that the prior action had been commenced by the same plaintiff. The modification of the judgment must, therefore, be deemed a holding that the prior action was instituted by the same plaintiff, for the purposes of section 23 of the Civil Practice Act, although he had not been appointed administrator at the time. In accord with this ruling is *Boffe* v. *Consolidated Telegraph & Elec. Subway Co.* (171 App. Div. 392, affd. 226 N. Y. 654) where the Appellate Division in this department, in reversing a judgment for the plaintiff because he had not

received letters of administration at the time of the commencement of the action, said (pp. 394–395): "as the dismissal is not on the merits, another action may be brought within one year from the termination of this one ''.

It follows from the foregoing that defendant's attack upon the sufficiency of the second amended complaint must fail.

Plaintiff's motion for leave to amend the second amended complaint is granted upon condition that plaintiff pay $10 costs, and upon condition that an amended pleading, embodying the amendments proposed, be served within ten days from the service of a copy of this order with notice of entry.

In view of the fact that an amended answer will be necesssary the application to strike out portions of the present answer is denied as academic, but without prejudice.