PRODUCERS RELEASING CORPORATION
DE CUBA v. PATHE INDUSTRIES,
Inc.

No. 35, Docket 21719.

United States Court of Appeals
Second Circuit.

Argued Oct. 11, 1950.

Decided Nov. 6, 1950.

Budner & Budner, New York City (Sidney S. Bobbe, New York City, of counsel), for appellant.

Robert L. Augenblick, New York City, for appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. Considering our opinion in connection with the dismissal of the former suit, 2 Cir., 176 F.2d 93 and the New York decisions interpreting § 23 of the New York Civil Practice Act, we think that the dismissal of the complaint in that suit was not for "neglect to prosecute", and that

therefore the present suit was timely brought within the meaning of § 23. In Gaines v. City of New York, 215 N.Y. 533, 539, 109 N.E. 594, 596, it was said: "The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts."

In London v. Hessberg, 147 Misc. 719, 265 N.Y.S. 829, 832, affirmed without opinion 264 N.Y. 435, 191 N.E. 501, the fact that the defendant was not prejudiced by plaintiff's delay was held to be an important factor.

■ 2. Defendant argues that, because it was not a party to the earlier suit, Section 23 does not apply. We do not agree. Where the parties to the second action are identical in interest with the parties to the first, Section 23 applies; thus a trustee in bankruptcy may be joined as co-plaintiff with the bankrupt in the second action, Van der Stegen v. Neuss, Hesslein & Co., 243 App.Div. 122, 276 N.Y.S. 624, affirmed 270 N.Y. 55, 200 N.E. 577; and see Gibbons v. City of New York, 196 Misc. 89, 66 N.Y.S.2d 34. Here plaintiff, in the first suit, could have substituted defendant for PRC.[1]

Streeter v. Graham & Norton Co., 263 N.Y. 39, 188 N.E. 150, is not apposite; there the court held § 23 inapplicable because, in the second suit, a new plaintiff, in part representing different interests, sought to assert new rights. But here the same plaintiff sues, on the same causes of action, a defendant which represents all the interests of the defendant in the first action. All the assets, rights and duties of PRC have devolved on defendant: the fact that defendant represents other interests in addition to those derived from PRC cannot free it of the duties undertaken by PRC whose assets defendant now enjoys.

We think we are not required to follow Breen v. State, 179 Misc. 42, 37 N.Y.S.2d 371, a decision by the New York Court of Claims, even assuming that that court has a sufficient status to make its decisions authoritative within the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.[2] For the court in the Breen case did not consider the earlier conflicting decision of a higher court, Van der Stegen v. Neuss, Hesslein & Co., 243 App.Div. 122, 276 N.Y.S. 624, affirmed 270 N.Y. 55, 200 N.E. 577; and Breen seems also at odds with Gaines v. City of New York, 215 N.Y. 533, 539, 109 N.E. 594, 596, where the court (per Cardozo, J.) said: "The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction [essentially the situation in the Breen case] stands on the same plane as any other mistake of law."

Reversed.

---

1. See N. Y. Civil Practice Act, § 83; Trotter v. Lisman, 209 N.Y. 174, 102 N.E. 575; Atlantic Dredging Co. v. William Beard, 145 App.Div. 342, 130 N.Y.S. 4, affirmed 203 N.Y. 584, 585, 96 N.E. 415.

2. Cf. State of California v. Fred S. Renauld Co., 9 Cir., 179 F.2d 605.