(Argued July 11, 1935; decided September 9, 1935.)

*Richard H. Levet* for appellant. Constitutional provisions prohibit the Superintendent of Insurance and the Mortgage Commission from any act divesting the certificate holders of their property rights. (*People ex rel. Simpson Co.* v. *Kempner*, 154 App. Div. 674; *Lord* v. *Equitable Life Assur. Society*, 194 N. Y. 212; *Wynehamer* v. *People*, 13 N. Y. 378; *Forster* v. *Scott*, 136 N. Y. 577; *Louisville Joint Stock Land Bank* v. *Radford*, 79 L. Ed. 920; *Worthen Co.* v. *Kavanaugh*, 295 U. S. 56; *East Tennessee V. & G. Ry. Co.* v. *Frazier*, 139 U. S. 288; *Von Hoffman* v. *Quincy*, 4 Wall. 535; *Bronson* v. *Kinzie*, 1 How. 311; *Brine* v. *Hartford Fire Ins. Co.*, 96 U. S. 627; *Barnitz* v. *Beverly*, 163 U. S. 118; *Howard* v. *Bugbee*, 24 How. 46; *Connecticut Mut. Life Ins. Co.* v. *Cushman*, 108 U. S. 51; *Union Sewer-Pipe Co.* v. *Connelly*, 99 Fed. Rep. 354; 184 U. S. 540; *Matter of Knapp*, 127 Cal. 101; *Mobile* v. *Orr*, 181 Ala. 308; *People* v. *Schenck*, 257 Ill. 384; *Sterett* v. *Portland*, 79 Ore. 260.) The attempt of the Mortgage Commission to take over the bond and mortgage and to exercise powers and functions purported to be granted under the Mortgage Commission Act (L. 1935, ch. 19, as amd.) violates section 1 of article 6 of the New York State Constitution since it deprives the State Supreme Court of its inherent equity jurisdiction. (*Alexander* v. *Bennett*, 60 N. Y. 204; *Davis* v. *Zimmerman*, 91 Hun, 489; *Ocorr* v. *Lynn*, 105 Misc. Rep. 489.) The Mortgage Commission Act violates sections 2 and 3 of article 5 of the State Constitution since it attempts to bestow functions of a civil department upon a special commission which is neither temporary nor for a special purpose, and is, therefore, unconstitutional and void. (*People* v. *Tremaine*, 252 N. Y. 27; *Gause* v. *Commonwealth Trust Co.*, 196 N. Y. 134; *Colton* v. *Rossi*, 9 Cal.

595; *Commonwealth Real Estate Co.* v. *South Omaha,* 78 Neb. 368.) The Mortgage Commission Act violates section 1 of article 7 and section 9 of article 8 of the State Constitution since it attempts to loan the credit and give the money of the State of New York to or in aid of a corporation for private undertaking, and hence is unconstitutional and void. (*Attorney-General* v. *North American Life Ins. Co.,* 82 N. Y. 172; *New State Ice Co.* v. *Liebmann,* 285 U. S. 262.) The Mortgage Commission Act violates sections 1 and 4 of article 8 of the State Constitution since it attempts by special act to create a special charter for banking purposes. (*Johnson* v. *Hudson River R. R. Co.,* 49 N. Y. 455; *Venner* v. *Farmers Loan & Trust Co.,* 54 App. Div. 271; 176 N. Y. 549.)

*Henry N. Rapaport* and *Harold M. Steinmetz* for Sylvia Zubrow et al., *amici curiœ.* There is constitutional prohibition against the impairment of contractual obligations. (U. S. Const. art. I, § 10, and XIVth Amendment; N. Y. Const. art. I, § 6; *People* v. *Budd,* 117 N. Y. 1; *Trustees of Dartmouth College* v. *Woodward,* 4 Wheat. 518; *People ex rel. Manhattan Sav. Institution* v. *Otis,* 90 N. Y. 48; *Board of Commissioners of Tippecanoe County* v. *Lucas,* 93 U. S. 108; *Hughes* v. *Cuming,* 165 N. Y. 91.)

*Lawrence S. Greenbaum, Maurice Finkelstein, Benjamin Kaplan, Joseph Kugel, Justin N. Reinhardt* and *Benjamin J. Rabin* for Mortgage Commission of State of New York, respondent. The Mortgage Commission Act effects a change in remedies previously and constitutionally created by statute and is, accordingly, constitutional. (*Matter of People* [*Title & Mortgage Guarantee Co.*], 264 N. Y. 69; *Matter of People* [*New York Title & Mortgage Co.*], 264 N. Y. 475; *Walsh* v. *State,* 223 App. Div. 319; 248 N. Y. 408; *Matter of Atlantic Ins. Co.,* 133 Misc. Rep. 464; *Masters* v. *Eclectic Life Ins. Co.,* 215

App. Div. 424; *Gibbes* v. *Zimmerman*, 290 U. S. 326; *Matter of People* [*National Surety Co.*], 264 N. Y. 473; *Louisville Joint Stock Land Bank* v. *Radford*, 79 L. Ed. 920; *Doty* v. *Love*, 295 U. S. 64.) The act may be sustained as an emergency measure. (*Home Building & Loan Assn.* v. *Blaisdell*, 290 U. S. 398; *Wilson* v. *New*, 243 U. S. 332; *Block* v. *Hirsh*, 256 U. S. 135; *Brown Holding Co.* v. *Feldman*, 256 U. S. 170; *Levy Leasing Co.* v. *Siegel*, 258 U. S. 242; *People ex rel. Durham R. Corp.* v. *LaFetra*, 230 N. Y. 429; 257 U. S. 665; *Sliosberg* v. *New York Life Ins. Co.*, 244 N. Y. 482; 275 U. S. 526; *McCullough* v. *Maryland*, 4 Wheat. 316.) The Mortgage Commission Act does not deprive the Supreme Court of inherent equity power in violation of section 1 of article 6 of the State Constitution. (*Matter of Union Bank*, 204 N. Y. 313; *Matter of Casualty Co.*, 244 N. Y. 443; *People* v. *Knickerbocker Life Ins. Co.*, 199 App. Div. 503; 233 N. Y. 604; *Reed* v. *Squire Co.*, 217 App. Div. 494; *Matter of Russian Reinsurance Co.*, 223 App. Div. 378; *Matter of Second Russian Ins. Co.*, 219 App. Div. 46; 244 N. Y. 606; *Matter of People* [*National Surety Co.*], 264 N. Y. 473; *Matter of Atlantic Ins. Co.*, 133 Misc. Rep. 464; *Masters* v. *Eclectic Life Ins. Co.*, 215 App. Div. 424; *Walsh* v. *People*, 223 App. Div. 319; 248 N. Y. 408; *Matter of Guardian Mut. Life Ins. Co.*, 13 Hun, 115; 74 N. Y. 617; *Ruggles* v. *Chapman*, 1 Hun, 324; 59 N. Y. 163; 64 N. Y. 557; *Matter of Attorney-General* v. *North American Life Ins. Co.*, 85 N. Y. 485; 89 N. Y. 94; 92 N. Y. 654; *People* v. *American Steam Boiler Ins. Co.*, 147 N. Y. 25.) The act does not violate section 1 of article 8 of the State Constitution. (*Smith* v. *Havens Fund*, 44 Misc. Rep. 594; 118 App. Div. 678; 190 N. Y. 557; *Oneonta Light & Power Co.* v. *Schwarzenbach*, 164 App. Div. 548.) The Mortgage Commission Act is not unconstitutional by reason of repugnance to the provisions of section 1 of article 7 and section 9 of article 8 of the State Constitution providing that the credit of the State shall not be given or loaned to or in

aid of any individual, association or corporation, and that neither the credit nor the money of the State shall be given or loaned to or in aid of any association, corporation or private undertaking. (*Matter of People* [*City Bank Farmers Trust Co.*], 265 N. Y. 20; *Matter of People* [*Central Hanover Bank & Trust Co.*], 265 N. Y. 287; *People* v. *Westchester County Nat. Bank*, 231 N. Y. 465; *People ex rel. Commissioners* v. *Banks*, 67 N. Y. 568; *Lehigh Valley R. R. Co.* v. *Canal Bd.*, 204 N. Y. 471; *Splittorf* v. *State*, 108 N. Y. 205; *Oswego* v. *State*, 226 N. Y. 351; *United States* v. *Realty Co.*, 163 U. S. 427.)

*Harry Rodwin* for Superintendent of Insurance of State of New York, respondent. The Mortgage Commission Act is constitutional. (*Matter of People* [*Title & Mortgage Guarantee Co.*], 264 N. Y. 69; *Matter of People* [*New York Title & Mortgage Co.*], 264 N. Y. 475.)

*Joseph W. Bryan* for Title and Mortgage Company of Westchester County, respondent.

*Timothy Newell Pfeiffer* for Title Guarantee and Trust Company, respondent.

LEHMAN, J. The appellant purchased from Westchester Title and Trust Company in 1931 a certificate, issued as part of a series purporting to assign undivided interests in a mortgage on a six-story apartment house. The issuing company guaranteed the payment of the amount of such undivided interests. By the terms of the certificate the issuing company was " appointed irrevocably by the assured as the agent of the assured " to collect the interest and principal of the bond and mortgage and to perform other functions which are commonly included in the " servicing " of mortgages. In 1933 the Superintendent of Insurance secured from the Supreme Court an order directing the rehabilitation of the West-

chester Title and Trust Company, under article XI of the Insurance Law (Cons. Laws, ch. 28). In 1934 defaults occurred under the mortgage. Then the Superintendent of Insurance, exercising his statutory powers conferred by chapter 745 of the Laws of 1933, commonly known as the Schackno Act, promulgated a plan for the reorganization of the mortgage investment covered by the series of certificates. The plan was approved by the court and until the present time the mortgagor has complied with all its terms.

The petitioner received a copy of the notice of hearing upon the proposed plan of reorganization. She filed no objections to that plan and does not now challenge the validity of the order for its approval. In one respect, however, that plan cannot be carried out according to its strict terms. It provided that " The agency of the Westchester Title and Trust Company to service the mortgage as evidenced by the certificates of participation issued by it shall be continued for the period of this mortgage and such service shall be performed by such corporation in rehabilitation either by itself or its duly authorized agent." For such service the company was to be allowed one-half of one per cent of the unpaid principal amount of the mortgage. The guaranty of the Westchester Title and Trust Company was continued. In June, 1935, the Superintendent of Insurance secured an order directing the liquidation of that company. It can no longer act as agent of the holders of the certificates in servicing the mortgage certificates. The Mortgage Commission, appointed pursuant to the provisions of chapter 19 of the Laws of 1935, seeks to take over and administer the mortgage investment and claims power to exercise the rights heretofore held or exercised by the Westchester Title and Trust Company. It is not disputed that the statute purports to confer upon the Commission the rights and powers it claims. The petitioner challenges the validity of the statute on constitutional grounds. Her application

to enjoin the Mortgage Commission from exercising any control over the mortgage, in which the petitioner has an interest, was denied at Special Term.

The questions which we can pass upon on this appeal are narrow. The statute which provides for the appointment of the Mortgage Commission purports to confer upon the Commission powers and authority to perform acts which, it is said, may deprive owners of mortgages of their property without due process of law or which may impair the obligations of contracts. In this case the Commission is asserting only the power to take over from Westchester Title and Trust Company, now in liquidation, the control of the mortgage investment and the authority to " service " the mortgage investment which until now has been exercised by the title company, as agent. All that we can now determine is whether the legislative grant of that power to the Mortgage Commission violated any mandate or restriction imposed by the Constitution of the United States or the Constitution of the State of New York. No question of whether attempted legislative grant of other powers, or attempted exercise by the Commission of powers granted to it, results in unlawful taking of property or impairment of contract is now presented or determined.

In *Matter of People (Title & Mortgage Guarantee Co.)* (264 N. Y. 69) this court sustained the validity of the earlier statute (Laws of 1933, ch. 745) which conferred similar authority and powers upon the Superintendent of Insurance. True, in that case, the mortgage investment was evidenced by certificates of different form, and the interest of the holders of the certificates in the mortgage investment may, perhaps, have been less direct than the interest of the petitioner, here, in the mortgage investment over which the Mortgage Commission is now asserting right of control. Then, too, the provisions in regard to the depository of the mortgage are not the same. Such differences are, however, immaterial where the question con-

cerns only the right to possession and control of the mortgage investment. Such differences do not affect the basic conditions which justified legislative action for the protection of the general welfare and the interests of holders of certificates. The rights of the certificate holders are substantially similar. The need is the same for the interposition of a State agency in the control of the mortgage investment after the appointed corporate agent has been taken over by a statutory receiver. At least until those interested in the investment have agreed upon some other method of control and administration of the investment, the Legislature could give to a public officer the authority in such case to take care of the mortgage investment and to take appropriate steps for the protection of the holders of certificates. The Superintendent of Insurance has, indeed, taken such action, without challenge by this petitioner, prior to the reorganization of the petitioner's original mortgage investment. Since then the power of control and administration vested by the Legislature in the Superintendent of Insurance has been transferred by the Legislature to the Mortgage Commission. Except for that change, there could be no serious doubt that the Superintendent would now be vested with the power and subject to the duty to assume temporarily, at least, possession and control of the mortgage investment when the order of liquidation of the corporate agent appointed under the plan of reorganization was entered. Change of depository and substitution of agent under these circumstances do not constitute an impairment of the obligation of the contract between the certificate holders and the guaranty corporation within the scope of the constitutional restriction of the power of the State. If, as the petitioner contends, the agency of the Westchester Title and Trust Company has been terminated by the order of liquidation, then the State may step in for the protection of certificate holders who would otherwise, in the absence of an agent appointed by unanimous agreement, be without pro-

tection. That follows from our earlier decision in *Matter of People (Title & Mortgage Guarantee Co.)* (264 N. Y. 69). Its conclusions are fortified rather than weakened by the opinions of the Supreme Court of the United States in *Worthen Co.* v. *Kavanaugh* (295 U. S. 56); *Louisville Joint Stock Land Bank* v. *Radford* (295 U. S. 555); *Doty* v. *Love* (295 U. S. 64). The remaining question which we must now determine is whether the Legislature may transfer the powers and duties previously vested in the Superintendent of Insurance to the Mortgage Commission.

The powers vested in the Superintendent of Insurance to control and administer mortgage investments of guaranty companies which he had taken over for rehabilitation (Laws of 1933, ch. 745), imposed upon him an extraordinary function intended to meet the extraordinary condition created by the economic depression. They were an adjunct to his ordinary functions and powers under the Insurance Law. After almost two years' trial the Legislature determined to transfer the extraordinary powers and functions to a new public body which it created in corporate form. The original grant of power was not an impairment of the powers of the Supreme Court; nor is the transfer of such powers to the new public body created by the Legislature. The Legislature could provide a new method for the administration of these mortgage investments for the benefit of those interested in such investments without invasion of the equity powers of the Supreme Court over trusts. The Legislature has found among other things that " The holders of mortgage investments in many thousands of issues are numerous and it has been difficult to obtain concerted action by them. The department of insurance and the banking department are not sufficiently equipped to enable their personnel to efficiently perform their usual duties and properly carry on their normal functions, and, in addition, to perform the burdensome

task of representing the holders of mortgage investments of thousands of separate and distinct mortgage issues which require the proper administration of upwards of twenty thousand parcels of real property underlying the same." It has determined that the condition should be met by legislation " conferring power upon a new state agency to act promptly and to encourage, promote and facilitate self-organization by the holders of mortgage investments until such time as there may be established other effective organizations for the administration of their interests." (Laws of 1935, ch. 19, art. I, § 1; as amd. by Laws of 1935, chs. 290, 586 and 638.) It is said that the creation of the new public agency violates article V, sections 2 and 3, of the Constitution of the State.

Those sections provide for a number of civil departments in the State government including the Departments of Insurance and of Banking and for the " appropriate assignment * * * of all the civil, administrative and executive functions of the state government, to the several departments in this article provided. * * * No new departments shall be created hereafter, but this shall not prevent the legislature from creating temporary commissions for special purposes."

Perhaps, under normal conditions, the powers and functions of the Mortgage Commission would be appropriately assigned to either the Department of Banking or the Department of Insurance; but the Legislature has found that more efficient administration can be secured by the creation of a temporary commission for that purpose. In adopting that course it has not violated the restriction placed upon its powers by the Constitution of the State.

The conditions which called forth this exercise of legislative position are not normal. It is quite immaterial whether or not we describe these conditions as an " emergency." Certainly they are unusual, and in some respects without precedent in the history of mortgage investments.

They call for prompt action and, in the opinion of the Legislature, no department is now equipped for such action. The Commission is created for the special purpose of prompt and effective action during the period when there is special need for prompt and effective action by a public agency properly equipped for that purpose. If the Commission is successful in carrying out the purposes for which it has been created, the permanent departments will, it may be hoped, be able to assume those functions in relation to mortgage investments which the Legislature, in normal times, may confer upon them. The life of the Commission expires on January 1, 1940. It may be terminated earlier by the Legislature. Thus the Commission is " temporary " and is created " for a special purpose " within the plain intendment of the constitutional provision.

Objection is further urged that the Legislature has violated provisions of the Constitution of the State by creating a banking corporation for banking purposes (Art. VIII, § 4), and by giving or loaning the credit or money of the State in aid of a corporation or private undertaking (Art. VIII, § 9). Though the Commission is created as " a body corporate and politic " its functions are solely those of a public agent or public body appointed to carry out a legitimate governmental purpose. It is clearly not a banking corporation within the meaning of the Constitution; it does not become proprietor of any property, it does not perform any functions except those imposed upon it as a governmental agency; it receives no moneys of the State except for the purpose of carrying out governmental purposes. It uses the moneys of the State for the benefit of the People of the State. The moneys appropriated for its expenses are public moneys and remain public moneys until expended for such governmental purposes. The restrictions of the Constitution do not apply here.

It follows that the Legislature could vest in the Mortgage Commission those functions and powers which it could vest in the Superintendent of Insurance or other officer of the State. The extent of the functions and power which might be vested either in a public officer or commission cannot be determined until the exercise of a particular power is challenged. Now we can decide only that the statute creating the Mortgage Commission and vesting it with power to hold and administer the mortgage investment in which the petitioner has an interest is valid. We attempt no general definition of the extent of the powers which might without violation of the Constitution of the United States or the State of New York be vested in any public officer or body.

Such questions as concern the powers of supervision by the Supreme Court over the administration and control of the mortgages, the validity of the specific plans of reorganization, and the amount which may be charged up by the Commission for expenses against the income and other matters which may arise in the course of administration, are not now before us and we do not pass upon them.

The order should be affirmed, without costs.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order affirmed.