MILDRED HUTCHINSON, as a Stockholder in the Nassau-Suffolk Bond and Mortgage Guarantee Company, in Behalf of Said Company and for the Benefit of Herself and All Other Stockholders of the Said Company, Respondent, v. NASSAU COUNTY TRUST COMPANY and Another, Defendants, and MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Appellant.— Action by a stockholder of Nassau-Suffolk Bond and Mortgage Guarantee Company for an injunction restraining defendants Superintendent of Banks and Nassau County Trust Company from delivering to defendant Mortgage Commission the assets of said com-

pany, now under the control of the Superintendent of Banks for rehabilitation or liquidation, with some or all of the assets held by the Nassau County Trust Company as depositary. The plaintiff sought and obtained a temporary injunction on the ground, chiefly, that the statute creating the Mortgage Commission (Laws of 1935, chap. 19) did not give to the Commission the right to receive such assets held in the course of administration by the Superintendent of Banks. On this appeal not only the obscurity in the language of the statute but the unconstitutionality of the act creating the Commission is urged for affirmance of the order. Order granting injunction *pendente lite* reversed on the law and the facts, without costs, and the motion denied. This court holds that the recitals in this emergency statute and the clear purpose and intent in the several provisions therein creating the Mortgage Commission are that a new agency, in the interest of the economic welfare of the community, shall be established by the State to take over duties theretofore performed as statutory receiver in certain cases either by the Superintendent of Insurance or the Superintendent of Banks. This legislative intent and purpose cannot be defeated by the fact that in drafting the bill there was error in section 6 in respect to the manner in which the Superintendent of Banks became possessed of the property of insolvent companies or in directions as to filing notices. A single new agency was created with duties in general performed theretofore by the two separate agencies. The statute should receive a broad and liberal construction. In so far as the question of constitutionality is raised on this appeal, we hold adversely to the claim of plaintiff. Many broad powers are given to the Commission which are not involved here. We express no opinion as to the validity of certain powers granted to the Commission in the act which may or may not ever be exercised. Such questions will be determined when they arise. It is sufficient to say that in this case there has been no invasion of the constitutional rights of the plaintiff. (*Matter of People* [*Tit. & Mtge. Guar. Co.*], 264 N. Y. 69.) Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.